UNITED STATES OF AMERICA,

    Plaintiff,

v.                              Case No. 05-CR-013

MICHAEL A. GRAL,

    Defendant.

## SECOND SUPERSEDING INFORMATION

**The United States Attorney Charges:**

### Overview

1. Beginning in approximately 2001 and continuing thereafter until July, 2004, in the State and Eastern District of Wisconsin, and elsewhere,

**MICHAEL A. GRAL,**

knowingly and with intent to defraud, participated in a scheme and artifice to defraud (the "scheme"), which scheme is more fully described below, and did, for the purpose of executing this scheme, knowingly cause items to be delivered by the United States mail.

2. The defendant's scheme to defraud included a scheme to deprive another of the intangible right to honest services and had the effect of placing the defendant's own financial interests ahead of and to the detriment of his clients' interests and causing losses to his clients.

## Background

3. At all times relevant, Michael A. Gral was a lawyer licensed to practice in the State of Wisconsin. Gral was a partner at the law firm Michael Best & Friedrich ("MBF"). He served as a lawyer for Bielinski Brothers, Inc., its related entities, and its owners, Frank and Harry Bielinski.

4. Bielinski Brothers, Inc. is a Waukesha County-based residential and commercial construction company. It operates under various corporate names, including Bielinski Homes and Bielinski Development, Inc. (herein collectively referred to as "Bielinski Brothers"). Bielinski Brothers is involved in more than $100 million in new home construction each year.

5. Robert G. Brownell began working for Bielinski Brothers in 1995. From approximately 2001 until July, 2004, Brownell served as Chief Executive Officer of Bielinski Brothers. Brownell was also a partner with Frank and Harry Bielinski in FHB Investments, LLC.

6. As part of his duties at Bielinski Brothers, Brownell approved the payment of invoices associated with development and new home construction. These invoices included work for surveys, analysis, grading and similar activity at the start of the construction of a residential subdivision.

7. Welch Hanson & Associates is civil engineering firm in Delafield, Wisconsin. The firm also includes surveyors and landscape architects. The firm is a division of Yaggy

2

Colby & Associates. At all times relevant, Norman C. Hanson ("Hanson") was a principal of and employed by Welch Hanson.

## Scheme to defraud

8. Gral and Brownell were business partners in various entities, including Georgetown Holdings, LLC; Georgetown Investments, LLC, which was formerly known as Georgetown Ridgeview, LLC; Georgetown Development, LLC; and Belize, LLC. Through their partnerships, Gral and Brownell purchased and developed real estate in Wisconsin and Florida. Brownell fraudulently used funds belonging to Bielinski Brothers to make down payments, purchase, and pay for development costs for such real estate.

9. At the same time, Gral, while with the Michael Best & Friedrich law firm, served as a lawyer for Bielinski Brothers, as well as for its owners, Harry and Frank Bielinski. From approximately the summer of 2000 through 2004, Michael Best & Friedrich billed Bielinski Brothers approximately $4 million for work performed by Gral and others at the firm.

10. Based on his role as an attorney, Gral owed a fiduciary duty to Bielinski Brothers and Harry and Frank Bielinski personally.

11. As a part of the scheme to defraud, Gral misused that fiduciary duty for private gain.

3

12. Gral engaged in actions, individually and through Brownell, that served his own financial interest to the detriment of Bielinski Brothers at the same time that Gral was serving as a lawyer for Bielinski Brothers.

13. On such transaction was as follows. Brownell and Gral, through Belize, LLC, entered into an agreement to purchase a condominium in Florida. Brownell had Bielinski Brothers pay in excess of $500,000 as a deposit for the purchase of the Florida condominium. The payment was authorized by Brownell without the knowledge or approval of Frank and Harry Bielinski and was made to appear as a legitimate Bielinski Brothers' expenditure.

14. Gral failed to confirm with Bielinski Brothers and its owners whether they had authorized Brownell's use of these funds. Gral's actions had the effect of placing his own financial interests, as an owner of Belize LLC, ahead of and to the detriment of his clients and deprived his clients of honest services, causing losses.

15. In October, 2003, Brownell and Gral purchased 128 acres of land in Cedarburg, Wisconsin in the name of Georgetown Development. The land was purchased for $2.1 million. Subsequent to the purchase of the Cedarburg property, preliminary development work was performed on the land by Welch Hanson.

16. At Brownell's direction, Welch Hanson submitted invoices to Bielinski Brothers for work performed on the Cedarburg property, as well as other real estate projects being developed by Brownell and Gral. The invoices for the Cedarburg property submitted

4

to Bielinski Brothers totaled approximately $135,000. To conceal this arrangement, the Welch Hanson invoices submitted Bielinski Brothers reflected generic descriptions of the projects and the nature of the work that had been performed. Using his position at Bielinski Brothers, Brownell approved payment of these invoices.

17. In January 2004, Brownell purchased real estate located in Lincoln County, Wisconsin known as Harrison Lakes in the name of FHB Investments. The purchase price for this property was approximately $1,500,000. Brownell used funds he had fraudulently borrowed in the name of Bielinski Brothers to purchase the property. Brownell acted without the knowledge or consent of Frank and Harry Bielinski.

18. Gral and Brownell later signed an agreement, which they back dated, to make it appear that FHB Investments had acted as an agent for Georgetown Investments in purchasing the Harrison Lakes property. In July, 2004, Gral and Brownell transferred the Harrison Lakes property from FHB Investments to Georgetown Investments.

19. Despite the fact that Gral was the lawyer for Bielinski Brothers and its owners, the transfer of the Harrison Lakes property to Georgetown Investments occurred without the knowledge or approval of Frank and Harry Bielinski. Gral's actions had the effect of placing his own financial interests, as an owner of Georgetown Investments, ahead of and to the detriment of his clients and deprived his clients of honest services, causing losses.

20. Brownell provided an MBF attorney with checks drawn on Bielinski Brothers' accounts to fund four escrow agreements to be issued by the law firm. At the time Brownell

5

provided the checks, which totaled more than $2 million, there were insufficient funds in Bielinski Brothers' accounts to cover the amount of these checks. Brownell asked the MBF attorney not to deposit or otherwise negotiate the checks. The attorney contacted Gral, who approved Brownell's request. The checks were not negotiated or otherwise deposited into the MBF's trust account. Nonetheless, the MBF attorney provided Brownell with escrow agreements representing that the funds were on deposit with the law firm.

21. The actions of Gral and Brownell deprived Bielinski Brothers, and Frank and Harry Bielinski individually, of their intangible right to Gral's honest services, as those terms are used in Title 18, United States Code, section 1346.

## Total Losses

22. The amount of losses caused by the scheme to defraud exceeded $1 million.

## Mail and Wire Fraud

23. For the purpose of executing and attempting to execute the scheme to defraud, defendant Gral did cause and intend to cause matter to be delivered by the United States Postal Service according to the directions thereon.

6

24. On or about July 16, 2004, to facilitate the purchase of Harrison Lakes from FHB Investments, defendant Gral caused the United States mails to be used when the conveyance document for the transfer of the Harrison Lakes project from FHB Investments to Georgetown Investments was sent by mail from in or about the eastern district of Wisconsin to the office of the Lincoln County, Wisconsin Register of Deeds

All in violation of Title 18, United States Code, section 1341.

*December 14, 2005*
Date

*Steven M. Biskupic*
STEVEN M. BISKUPIC
United States Attorney