

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                             Case No. 05-CR-013

MICHAEL A. GRAL,

    Defendant.

---

## PLEA AGREEMENT

1. The United States of America, by its attorneys, Steven M. Biskupic, United States Attorney for the Eastern District of Wisconsin, and Matthew L. Jacobs, Assistant United States Attorney, and the defendant, Michael A. Gral, individually and by his attorney, Nathan A. Fishbach, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2. The defendant will be charged in a one-count second superseding information filed along with this plea agreement that charges him with mail fraud, in violation of Title 18, United States Code, Section 1341.

3. The defendant has read and fully understands the charge contained in the second superseding information and fully understands the nature and elements of the crime

with which he has been charged and that this charge and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4. The defendant agrees to waive in open court his right to have this matter prosecuted by indictment.

5. The defendant voluntarily agrees to plead guilty to the charge contained in the second superseding information, a copy of which is attached to this plea agreement, as Exhibit A.

6. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense charged in the second superseding information. The defendant, however, does not admit the allegations contained in paragraphs 15, 16, 17 and 20 of the second superseding information. Further, the defendant does not admit that these allegations either (a) constitute specific offense conduct by the defendant that is the basis of the offense of conviction, or (b) constitute conduct committed by the defendant in the course of the scheme charged in the second superseding information. Moreover, the defendant does not admit that the losses caused by his scheme exceeded $1 million.

7. The defendant acknowledges that the government will be filing a written offer of proof to establish a factual basis for the defendant's guilty plea, as required by Rule 11(b)(3) of the Federal Rules of Criminal Procedure. It is not a full recitation of all of the government's evidence concerning the defendant's conduct in the charged offense. While the defendant acknowledges and agrees that a factual basis exists for his guilty plea, he does

not admit all of the assertions contained in the government's offer of proof. Accordingly, the defendant will be filing his own offer of proof ("defendant's offer of proof") setting forth those facts he believes establish a factual basis for his plea. The defendant acknowledges and understands that, if this case were to proceed to trial, the government would be able to prove beyond a reasonable doubt the facts set forth in the defendant's offer of proof. The defendant admits to these facts and that these facts establish his guilt beyond a reasonable doubt.

## PENALTIES

8. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum term of imprisonment and fine: Twenty (20) years and, pursuant to 18 U.S.C. § 3571(d), a fine of up to twice the gross gain to the defendant or twice the gross loss to the victims of the defendant's offense, or $250,000, whichever is greatest. The charge also carries a mandatory special assessment of $100.00 and a maximum of three years of supervised release. The parties further recognize that a restitution order may be entered by the court. The parties' acknowledgments, understandings, and agreements with regard to restitution are set forth in paragraphs 30 and 31 of this agreement.

9. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes, as well as the applicable sentencing guidelines, with his attorney.

3

## ELEMENTS

10. The parties understand and agree that to sustain the charge of mail fraud, in violation of 18 U.S.C. § 1341, as set forth in the second superseding information, the government must prove each of the following propositions beyond a reasonable doubt:

> First, that the defendant knowingly devised or participated in the scheme to defraud, as charged;
>
> Second, that the defendant did so knowingly and with the intent to defraud; and
>
> Third, that the purpose of carrying out the scheme or attempting to do so, the defendant used, or caused the use of, the United States mails in the manner charged.

## SENTENCING PROVISIONS

11. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

12. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

13. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions that they believe to be applicable to the offense to which the defendant will plead guilty. The defendant acknowledges and agrees that his attorney,

4

in turn, has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

14. The parties acknowledge and understand that, prior to sentencing, the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw his guilty plea solely as a result of the sentencing court's determination of defendant's criminal history.

## **Sentencing Guidelines Calculations**

15. The parties acknowledge, understand, and agree that the sentencing guidelines calculations included in this agreement represent the positions of the parties on the appropriate sentence range under the sentencing guidelines. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that effects the calculations, the government is not bound to make the recommendations contained in this agreement.

5

## Relevant Conduct

16. The parties acknowledge, understand, and agree that, pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge will consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which defendant is pleading guilty.

17. The parties acknowledge, understand, and agree that, pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing court will consider the total amount of the loss incurred by any victims as a result of the defendant's fraud even if not alleged in the offense of conviction, and will use the total amount in calculating the sentencing guidelines range.

18. For purposes of determining the defendant's offense level under the sentencing guidelines, the parties acknowledge and agree that, based upon the information presently available, the government will recommend that the loss amount associated with the defendant's criminal conduct charged in the second superseding information is more than $1,000,000, but less than $2,500,000. The defendant reserves the right to dispute the government's calculation of the applicable loss amount and the associated Sentencing Guidelines resulting from this calculation discussed below. The parties acknowledge and understand that the amount of loss may differ from the amount of restitution imposed by the sentencing court. The parties' acknowledgments, understandings, and agreements with regard to restitution are set forth in paragraphs 30 and 31 of this agreement.

### Base Offense Level

19. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in the second superseding information is 7 under Sentencing Guidelines Manual § 2B1.1(a)(1).

### Specific Offense Characteristics

20. The parties acknowledge that the government will recommend to the sentencing court that a 16-level increase under Sentencing Guidelines Manual § 2B1.1(b)(1)(I) is applicable to the offense level for the offense charged in the second superseding information because the government asserts that the loss amount associated with the defendant's criminal conduct is more than $1,000,000 but less than $2,500,000. The defendant reserves the right to dispute this loss amount and the indicated increase in the defendant's offense level under Sentencing Guidelines Manual § 2B1.1(b)(1).

### Abuse of Position of Trust

21. The parties acknowledge that the government will recommend to the sentencing court that a 2-level increase under Sentencing Guidelines Manual § 3B1.3 is applicable to the offense level for the offense charged in the second superseding information because the defendant abused a position of private trust in a manner that significantly facilitated the commission and concealment of his offense. The defendant reserves the right to dispute this increase in the defendant's offense level.

7

## Acceptance of Responsibility

22. The government agrees to recommend a two-level decrease for acceptance of responsibility, as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

## Sentencing Recommendations

23. Both parties reserve the right to apprise the district court and the probation office of any and all information that might be pertinent to the sentencing process including, but not limited to, any and all conduct related to the offense, as well as any and all matters that might constitute aggravating or mitigating sentencing factors.

24. The government agrees to recommend that the sentencing court depart from the applicable offense level because the loss amount overstates the seriousness of the defendant's conduct and to recommend that the defendant be sentenced to imprisonment for a period of two (2) years and pay a fine in the amount of $500,000. The defendant has reserved the right to argue for a sentence that is less than the government's recommendation.

8

25. Both parties reserve the right to make any recommendation regarding the defendant's custodial status pending the sentencing and any other matters not specifically addressed by this agreement.

## Court's Determinations at Sentencing

26. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth above in paragraph 8. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

27. The parties acknowledge, understand, and agree that the defendant may not move to withdraw his guilty plea solely as a result of the sentence imposed on him by the court.

## FINANCIAL MATTERS

28. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable upon entry of the judgment of conviction.

## Special Assessment

29. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

## Restitution

30. The defendant acknowledges and agrees that he will be required to make full restitution to the victim(s) of his fraud. In this regard, the defendant asserts that the restitution should be limited to $552,000, which was the loss associated with the purchase of the Florida condominium by Belize LLC, payable to Bielinski Brothers. The defendant agrees to pay this amount prior to or at sentencing. By this agreement, the defendant does not admit that he should be required to pay any additional restitution to any individual or entity. The defendant understands that the court's imposition of restitution is made regardless of the defendant's financial resources. The defendant agrees to cooperate in efforts to collect the restitution obligation. The defendant's agreement in this paragraph does not constitute a waiver of the defendant's ability to appeal the court's ultimate order of restitution in any amount in excess of $552,000, as referenced above, or to other victims. The defendant understands that imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.

31. To the extent that there are disputes concerning the amount or restitution and/or the identity of victims, the parties agree to recommend jointly that the court refer these issues to a magistrate judge pursuant to Title 18, United States Code, Section 3664(d)(6).

## DEFENDANT'S COOPERATION

32. The defendant, by entering into this agreement, further agrees to cooperate fully and completely with the government in its investigation of this and related matters, and to testify truthfully and completely before the grand jury and at any subsequent trials or proceedings, if asked to do so. The government agrees to advise the sentencing judge of the nature and extent of the defendant's cooperation. The parties acknowledge, understand, and agree that if the defendant provides substantial assistance to the government in the investigation or prosecution of others, only the government, in its discretion, may move for and recommend a downward departure from the applicable sentencing guidelines range. The defendant acknowledges and understands that the court will make its own determination with regard to the appropriateness and extent of a downward departure.

## DEFENDANT'S WAIVER OF RIGHTS

33. In entering this agreement, the defendant acknowledges and understands that, in so doing, he surrenders any claims he may have raised in any pretrial motion, as well as certain rights, which include the following:

   a. If the defendant persisted in a plea of not guilty to the charge against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

   b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause,

11

where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government was relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

e. At such trial, the defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

34. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights.

35. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and, thereby, may be deprived of certain rights including, but not limited to, the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

36. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

### Further Civil or Administrative Action

37. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant including, but not limited to, any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

### GENERAL MATTERS

38. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

39. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

40. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

41. The defendant understands that pursuant, to the Victim and Witness Protection Act and the regulations promulgated under the Act by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## Further Action by Internal Revenue Service

42. Nothing in this agreement shall be construed so as to limit the Internal Revenue Service in discharging its responsibilities in connection with the collection of any additional tax, interest, and penalties due from the defendant as a result of the defendant's conduct giving rise to the charge alleged in the superseding information.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

43. The defendant acknowledges and understands that if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditioned upon final resolution of this matter. If this

14

plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges that were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

44. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is, in fact, guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

15

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 12/14/05

MICHAEL A. GRAL
Defendant

I am the defendant's attorney. I have reviewed carefully every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 12-14-05

NATHAN A. FISHBACH
Attorney for Defendant

For the United States of America:

Date: December 14, 2005

STEVEN M. BISKUPIC
United States Attorney

Date: December 14, 2005

MATTHEW L. JACOBS
Assistant United States Attorney

16