# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WISCONSIN

U.S. DIST. COURT EAST. DIST. WISC.
FILED

AUG 1 4 2006

AT _____ O'CLOCK _____ M
SOFRON B. NEDILSKY

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT** |
|---|---|
| | **IN A CRIMINAL CASE** |
| v. | Case Number: 05-CR-13 |
| **MICHAEL A. GRAL** | USM Number: 07692-089 |
| | Nathan Fishbach and Daniel Gentjes |
| | Defendant's Attorneys |
| | Matthew L. Jacobs |
| | Assistant United States Attorney |

## THE DEFENDANT:

☒ pleaded guilty on December 14, 2005, to the one-count Second Superseding Information.

☐ pleaded nolo contendere to count(s)_____which was accepted by the court.

☐ was found guilty _____, after a plea of not guilty.

The defendant is adjudicated guilty of this offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1341 | Mail Fraud | July 2004 | One |

The defendant is sentenced as provided in Pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s)_____of the _____ ☐ is  ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States attorney of material changes in economic circumstances.

June 15, 2006
Date of Imposition of Judgment

Signature of Judicial Officer

C. N. Clevert, Jr.
Name & Title of Judicial Officer

8 14 2006
Date

AO 245B  (Rev. 06/05) Judgment in a Criminal Case:
Sheet 2 - Imprisonment

**Defendant: Michael A. Gral**
**Case Number:  05-CR-13**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of twenty-four (24) months.

☒  The court makes the following recommendations to the Bureau of Prisons:
    Placement as close to Milwaukee, WI as possible

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district

    ☐  at _____  ☐ a.m.   ☐ p.m.   on  _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

☒  The defendant shall surrender in not less than 60 days from sentencing  for service of sentence at the institution designated by the Bureau of Prisons,

    ☐  before 2 p.m. on_____ .

    ☐  days as notified by the United States Marshal.

    ☒  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____
at _____ with a certified copy of this judgment.


                    _____
                    UNITED STATES MARSHAL

          By   _____
                    DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 06/05) Judgment in a Criminal Case:
Sheet 3 - Supervised Release

**Defendant: Michael A. Gral**
**Case Number: 05-CR-13**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a period of three (3) years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

- ☒ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notification and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05) Judgment in a Criminal Case:
Sheet 3A - Supervised Release

**Defendant: Michael A. Gral**
**Case Number: 05-CR-13**

## ADDITIONAL SUPERVISED RELEASE TERMS

1. Within 72 hours of release from imprisonment, the defendant shall report in person to the probation office in the district to which the defendant is released.

2. The defendant shall not possess any firearms or other dangerous weapons as such possession will result in revocation of the supervision term.

3. Pursuant to the Violent Crime Control and Law Enforcement Act of 1994, the defendant shall not illegally possess or unlawfully use any controlled substance, as any such possession or use will result in revocation of the supervision term and the defendant will be obligated to serve a further term in prison.

4. The defendant shall cooperate in the collection of DNA under the guidance and supervision of the supervising probation officer.

5. The defendant shall pay the $50,000.00 fine within the first year of his supervised release. Interest on the fine is waived. The defendant shall apply 100% of his yearly federal and state tax refunds toward payment of the fine. The defendant shall not change exemptions without prior notice to his supervising probation officer.

6. The defendant shall not hold employment having fiduciary responsibilities during the supervision term without first notifying his employer of this conviction. The defendant shall not hold self-employment having fiduciary responsibilities without the prior approval of the supervising probation officer.

7. Until the fine has been paid in full, the defendant shall not open any new lines of credit, nor lease any vehicle or property or use existing credit resources without the prior approval of the supervising probation officer.

8. The defendant shall provide access to all financial information requested by the supervising probation officer including, but not limited to, copies of all federal and state income tax returns. All tax returns shall be filed in a timely manner, with copies provided to the supervising probation officer immediately upon filing. The defendant shall also submit monthly financial reports to the supervising probation officer as directed.

9. Until the fine has been paid in full, the defendant shall not liquidate, transfer, sell, or give away, or otherwise convey any personal property or asset with a fair market value in excess of $1000.00 without the prior approval of the supervising probation officer.

AO 245B (Rev 06/05) Judgment in a Criminal Case:
Sheet 5 - Criminal Monetary Penalties

**Defendant: Michael A. Gral**
**Case Number: 05-CR-13**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $ 100.00 | $50,000.00 | $1,752,000.00 |
| | *(Paid 1/18/06)* | *(Paid 6/22/06)* | *(Paid 6/22/06)* |

☐ The defendant shall repay the buy money as a condition of supervised release.

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☒ The defendant must make restitution to the following payee within 30 days of entry of this Judgment of Conviction as listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Bielinski Bros. Builders Inc. ATTN: Frank & Harry Bielinski N16 W23377 Stone Ridge Drive Waukesha, WI 53188 | $ 552,000.00 | $1,752,000.00 | |
| **Totals:** | $ 552,000.00 | $1,752,000.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☒ the interest requirement is waived for the ☒ fine and for ☒ restitution.

    ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Defendant: **Michael A. Gral**
Case Number: **05-CR-13**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**  ☒  A Special Assessment of $100.00 is due immediately. *(Paid 1/18/06)*
If the defendant cannot make full and immediate payment then he shall participate in the Inmate Financial Responsibility Program and

☐  not later than _____ , or

☐  in accordance with  ☐ C, ☐ D,  ☐ E or ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F  below); or

**C**  ☐  Payment in equal_____(e.g., weekly, monthly, quarterly) installments of $_____ over a period of_____(e.g., months or years), to commence —————— (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____(e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence_____(e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within  _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☒  Special instructions regarding the payment of criminal monetary penalties: The defendant shall pay restitution within 30 days of entry of the judgment of conviction. The defendant shall pay the $50,000.00 fine within the first year of his supervised release term.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several:

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.